IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYLER J. KEUP, | ) |
| | )      4:05CV3208 |
| | ) |
| vs. | )      ORDER ON INITIAL REVIEW |
| | ) |
| F. X. HOPKINS, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court for initial review of the complaint filed by the plaintiff, Tyler J. Keup, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS").  The plaintiff, proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983.  He seeks monetary, injunctive and declaratory relief from corrections officials, in their individual and official capacities, who, according to the plaintiff, have infringed the plaintiff's rights protected by the First and Fourteenth Amendments to the United States Constitution.

The plaintiff creates works of art which he wishes to mail to his parents.  However, he has been prevented from mailing two pieces of art to his parents because the content violates DCS regulations which prohibit inmates from mailing items which depict nudity or illegal drugs.  Filing no. 9 is a statement in support of the plaintiff's complaint, in which the plaintiff's mother expresses her strong beliefs that the plaintiff should be permitted to send his artwork to her uncensored.

## Pending Motions

In filing no. 4, the plaintiff has moved for a preliminary injunction, supported by filing nos. 5 and 6, the plaintiff's Declaration and Memorandum of Law.  In the Eighth Circuit, a court must balance four factors (the "Dataphase factors") when determining whether to issue a temporary restraining order ("TRO") or preliminary injunction:

(1)   the threat of irreparable harm to the movant;
(2)   the balance between the harm to the movant and any injury that preliminary injunctive relief would inflict on the nonmoving party should the injunction issue;
(3)   the likelihood of success on the merits; and
(4)   the public interest.

Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1999); Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (en banc).  The burden of proving that preliminary injunctive relief should be granted "rests

1

entirely with the movant." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

In this case, the missing ingredient is the threat of irreparable harm to the plaintiff in the absence of preliminary injunctive relief. The plaintiff does not allege that any defendant has destroyed or threatened to destroy or confiscate the plaintiff's artwork. Therefore, there appears to be no risk to the plaintiff's rights if he simply retains his artwork until the resolution of this litigation. For that reason, I conclude that a preliminary injunction should not be granted on the basis of the present undeveloped record in this case. The plaintiff has not demonstrated the existence of a present, or imminent threat of future, irreparable harm. Filing no. 4 is denied.

In filing no. 13, the plaintiff seeks return of his filing fee. However, the Prison Litigation Reform Act ("PLRA") made the plaintiff liable for the entire $250 filing fee once he filed his civil complaint, even if the case is later voluntarily or involuntarily dismissed. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997): "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." Once the court grants a prisoner's motion to proceed in forma pauperis ("IFP"), the plaintiff remains liable for the full filing fee, and the fee is collected in installments by the plaintiff's institution under a formula established by Congress. See 28 U.S.C. § 1915(b).[1] Filing no. 13 is denied.

In filing no. 16, the plaintiff moves for leave to amend his complaint in two respects. The motion is granted in part and denied in part. The motion is granted in that defendant Tony Cruz shall be renamed Salvador Cruz in the court's records, at the plaintiff's request.

However, the plaintiff wishes to add a retaliation claim against additional defendants, and he is in the process of exhausting that claim through the grievance procedures at his institution. However, only claims which were fully exhausted **before** a complaint is filed may be brought in a federal court case. See 42 U.S.C. § 1997e(a) of the PLRA: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Thus, the plaintiff may bring a new action based on the retaliation claim once he has completed the exhaustion process, but he may not add an unexhausted claim to this litigation or even a claim which later becomes fully exhausted *after* the date of the original complaint in this case.

### Limitations on Damages

The PLRA limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner

---

[1] If a plaintiff is not a prisoner, and the court grants in forma pauperis ("IFP") status, the plaintiff is relieved of the obligation for the filing fee. However, the same is not true for prisoners because of the Prison Litigation Reform Act ("PLRA").

confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal damages.

In addition, the plaintiff cannot recover damages from the defendants in their *official* capacity. A suit against a public employee in the employee's official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a state employee, in his or her official capacity, is in reality a claim against the state itself, as the entity that employs the officer.

State sovereign immunity, recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits a plaintiff from suing a state, state agency or state employee in the employee's *official* capacity for monetary relief, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity. See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability." See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.) No waiver of immunity applies to this case. However, sovereign immunity does not bar the recovery of damages from a state employee in the employee's *individual* capacity.

### Service of Process

I find that the plaintiff's complaint need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide.

2. When completing forms for service of process on state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General."

The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln,

Nebraska 68509.

On the other hand, state employees in their *individual* capacity may be served at home or wherever they may be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf.

3.  The Clerk of Court shall provide the plaintiff with a copy of this order and four summons forms along with four Form-285s (three for individual-capacity service, i.e., one each for service on the three defendants in their individual capacity; and one for official-capacity service[2] on all defendants collectively).

4.  Upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5.  Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 90 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6.  If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7.  After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

---

[2]Example of official-capacity service (i.e., service on the State):

> TO: **(Name and address of Defendant)**
>
> **All named defendants in their official capacity**
> **c/o Nebraska Attorney General**
> **2115 State Capitol**
> **Lincoln, NE 68509**

8.  The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9.  A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

12. General instructions for completing the forms for service of process are attached to this Order.

13. Filing nos. 4 and 13 are denied; and filing no. 16 is granted in part and denied in part. Filing no. 16 is granted in that the Clerk of Court shall substitute Salvador Cruz for Tony Cruz as a defendant in the court's records. However, leave to amend the complaint to add a retaliation claim is denied.

DATED this 22nd day of November, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

5

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.   A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.   A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.   Do not copy your complaint to attach to the summons; the court will do that for you.

4.    You may serve only defendant(s) named in the case caption of the complaint.  If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.   Be sure to print your case number on all forms.

6.   You must give an address for the party to be served.  The U.S. Marshal will not know a defendant's address.

7.   Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

8   Where a form 285 states:   "send notice of service copy to requestor at name and address" print your name and address.

9   Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

10.   Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.