IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYLER J. KEUP, | ) |
| | )          4:05cv3208 |
| vs. | ) |
| | )          MEMORANDUM AND ORDER |
| F. X. HOPKINS, et al., | ) |
|     Defendants. | ) |

    This matter is before the court on the following pending motions: (1) filing no. 28, the Motion to Strike filed by the defendants, F. X. Hopkins, et al.; (2) filing no. 32, the Motion to Stay filed by the plaintiff, Tyler J. Keup; (3) filing no. 33, the defendants' Motion to Dismiss and; (4) filing no. 36, the plaintiff's Motion to Extend and to Strike. As a preliminary matter, filing no. 28 is granted. In filing no. 28, the defendants withdraw filing no. 27, their own motion, to avoid possible conflict with another motion.

    The plaintiff, a prisoner proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. He seeks monetary, injunctive and declaratory relief from corrections officials, in their individual and official capacities, who, according to the plaintiff, have infringed the plaintiff's rights protected by the First and Fourteenth Amendments to the United States Constitution. The plaintiff creates works of art which he wishes to mail to his parents. However, he has been prevented from mailing art to his parents because the content violates DCS regulations which prohibit inmates from mailing items which depict nudity or illegal drugs.

    In filing no. 32, the plaintiff asks the court to stay this case pending his submission of an administrative state tort claim. The court is reluctant to stay cases, and it is not clear that the nature of the plaintiff's claim is covered by the State Tort Claims Act which generally waives state sovereign immunity for claims of negligence. However, if the plaintiff completes the administrative claims process while this case is still pending, he may move for leave to amend his complaint at that time, if the case has not progressed too far.

    In filing no. 33, the defendants note that the plaintiff has failed to serve them properly in their official capacity.[1] While the defendants are correct, the court will grant the plaintiff an extension of time to serve the defendants properly. The office of the Nebraska Attorney General is the place required by Neb. Rev. Stat. § 25-510.02(1) for service of process on all of the defendants in this case, in their official capacity. As a result, only one summons form is necessary. The court permits official-capacity defendants to be served

---

    [1]The defendants have been served in their individual capacities.

1

by means of one "group" summons directed to the place required for service of process on defendants *in their official capacity*.[2]

Therefore, the Clerk of Court shall send the plaintiff one summons and one Form 285 to be completed by the plaintiff as set forth below:

> TO: **(Name and address of Defendant)**
>
> **All named defendants in their official capacity**
>
> **c/o Nebraska Attorney General**
> **2115 State Capitol**
> **Lincoln, NE 68509**

The plaintiff shall return the completed forms to the Clerk of Court within 30 days of the date of this Order. The U.S. Marshal will then serve the summons on the plaintiff's behalf, together with the complaint, without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. Filing no. 33, the defendants' Motion to Dismiss, is denied at this time, but the motion may be reasserted if the plaintiff fails to return the forms for service of process by the Marshal.

Finally, in filing no. 36, the plaintiff requests an enlargement of 30 days after the defendants have reviewed the plaintiff's proposed settlement agreement before the parties resume activity in this litigation. However, because the prospects of settlement are so uncertain, the court cannot grant the plaintiff's request. Accordingly, filing no. 36 is denied.

THEREFORE, IT IS ORDERED:

1.   That filing no. 28, the defendants' Motion to Strike, is granted;

2.   That filing no. 32, the plaintiff's Motion to Stay, is denied;

3.   That filing no. 33, the defendants' Motion to Dismiss, is denied at this time, and the plaintiff shall have an extension of time to serve the defendants, in their official capacity, properly; the Clerk of Court shall send the plaintiff one summons and one Form 285 to be completed by the plaintiff as set forth above; the plaintiff shall return the completed forms to the Clerk of Court within 30 days of the date of this Order; the U.S.

---

[2]Service on individual-capacity defendants, on the other hand, may not be grouped in one summons. On the contrary, each defendant in his or her *individual* capacity must be named on a separate summons form.

Marshal will then serve the summons on the plaintiff's behalf, together with the complaint, without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal; the Motion to Dismiss may be reasserted if the plaintiff fails to return the forms for service of process by the Marshal; and

4. That filing no. 36, the plaintiff's Motion to Extend and to Strike, is denied.

DATED this 13th day of April, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge