IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYLER J. KEUP, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3208 |
| | ) | |
| V. | ) | |
| | ) | |
| F. X. HOPKINS, all being sued in their individual and official capacities, DENNIS BLAKEWELL, all being sued in their individual and official capacities, and SALVADOR CRUZ, all being sued in their individual and official capacities, | ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

On January 19, 2007, Magistrate Judge Gossett appointed attorney Kellie Paris Asaka to represent the plaintiff in this case. On January 23, Ms. Asaka entered her appearance and submitted a claim for $1000 in attorney's fees.

Ms. Asaka formerly held a contract with the court to represent federal prisoners if the court appointed counsel to represent them in their civil rights complaints. The contract gave her $1000 when she entered her appearance and the balance when the case closed. Her attorney's fees as well as her reasonable expenses were paid from the court's Federal Practice Fund. See Amended Plans for Administration of the Federal Practice Fund and the Federal Practice Committee, III(A) and VI(C), (E)-(I); NEGenR 1.2(I) and 1.7(g); and NECivR 54.4.

Although the parties did not renew the contract in 2007, the court finds the contract terms an appropriate measure to compensate Ms. Asaka for her services in this case. Accordingly,

IT IS ORDERED:

1. Ms. Asaka shall be compensated for her representation of the plaintiff in the same manner as if the contract between her and the court were still in effect.

2. The clerk of court is directed to pay Ms. Asaka $1000.00, based upon her entry of appearance.

3. The balance of Ms. Asaka's fee, not to exceed an additional $1000.00, shall become payable upon entry of judgment or other closing documents.

4. Ms. Asaka may incur reasonable expenses in her representation of the plaintiff in accordance with Amended Plans for Administration of the Federal Practice Fund and the Federal Practice Committee, III(A) and VI(C), (E)-(I); NEGenR 1.2(I) and 1.7(g); and NECivR 54.4.

5. If this suit results in an award of attorney's fees pursuant to 42 U.S.C. § 1988 that is greater than the attorney's fee authorized in this order plus her reasonably incurred expenses, Ms. Asaka will reimburse the Federal Practice Fund from that award the amount of $2000.00 plus her expenses. If the award is less than the attorney's fee authorized in this order plus her reasonably incurred expenses, Ms. Asaka will reimburse the Federal Practice Fund by the amount of the award and retain the remaining contract amount.

DATED this 12th day of February, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge