IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYLER J. KEUP, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3208 |
| | ) | |
| v. | ) | |
| | ) | |
| F. X. HOPKINS, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court after a three-day trial and jury verdict. The court accepts the jury's findings that the defendants Salvador "Tony" Cruz, Diane Sabatka-Rine, and F. X. Hopkins did not violate the plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution when they did not allow the plaintiff to receive through the U.S. Mail a sketchbook, Trial Exhibit 33. The court accepts the jury's findings that the plaintiff's grievances and/or lawsuit were not a motivating factor in the defendants' subsequent conduct and that the defendants had a legitimate prison management reason for their actions subsequent to the filing of the plaintiff's grievances and lawsuit.

Based on the findings made by this court on the record and the jury's verdict in this case:

IT IS ORDERED:

1. All claims in this matter are dismissed as to the defendants Tyhe deKoning, Salvador "Tony" Cruz, and Diane Sabatka-Rine.

2. All claims related to the destruction of the plaintiff's religious book and non-delivery of the greeting card and sketchbook to the plaintiff are dismissed.

3. The court finds that defendant F. X. Hopkins and Dennis Bakewell are liable to the plaintiff under 18 U.S.C. § 1983 for infringing on the plaintiff's right to send mail when they prohibited the plaintiff from mailing his drawings, Trial Exhibits 1 and 2, to his mother and the Maoist International Movement. Further, the court finds that the plaintiff met his burden of proving that the defendants did not have a legitimate prison management reason for their decision to prohibit the mailing of the drawings. The court finds that the plaintiff has not proven any compensatory damages but is entitled to a total of one dollar ($1.00) in nominal damages from defendants Hopkins and Bakewell.

4. The court will take under advisement an award of attorney fees and sets the following briefing schedule:

 A. The plaintiff's brief in support of attorney fees is due on or before August 20, 2008; and

 B. The defendants shall file, if they so choose, a brief in response to the plaintiff's brief on or before September 3, 2008.

5. The court will enter judgment in this matter after it determines the issue of an award of attorney fees and court costs.

DATED this 25th day of July, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge