IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYLER J. KEUP,<br><br>               Plaintiff,<br><br>    v.<br><br>F. X. HOPKINS and DENNIS BAKEWELL, being sued in their individual and official capacities,<br><br>               Defendants. | 4:05CV3208<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the plaintiff's motions for awards of attorney fees and expenses, Filing Nos. 145 and 148. In this action, plaintiff sought an injunction, a declaratory judgment, and damages under 42 U.S.C. § 1983 for interference by prison officials with his federally protected right to send and receive mail in violation of the First and Fourteenth Amendments to the United States Constitution.

**I.  BACKGROUND**

Following a three-day trial in this case, the court sustained the plaintiff's motion for judgment as a matter of law and found that defendants Bakewell and Hopkins had infringed the plaintiff's First Amendment right to send and receive mail by refusing to accept plaintiff's drawings for mailing to his mother and to the Maoist Society, and for failing to deliver a greeting card.  See Filing No. 141, Jury Instructions, Instruction No. 23; Filing No. 142, Order.  The court found that defendants had no legitimate penological reasons for their actions and entered judgment in the amount of $1.00 for nominal damages against defendants Hopkins and Bakewell.  Filing No. 142, Order.  Plaintiff's

other claims, a claim premised on refusal to allow the plaintiff to receive a sketchbook, against defendants Bakewell, Hopkins, Diane Sabatka-Rine, and Salvador "Tony" Cruz, and a claim of retaliation against defendants Cruz, Bakewell, and Hopkins, were submitted to the jury. *See* Filing No. 141, Jury Instructions, Jury Instructions No. 24 & 25. The jury found in favor of defendants on those claims. Filing No. 135, Special Interrogatories and Verdict Form.

The plaintiff seeks an award of fees and expenses in the amount of $11,296.92 for work performed by attorney Dana C. Bradford and in the amount of $20,718.32 for work performed by attorney Kellie Paris Asaka. Ms. Asaka was appointed by the court and represented the plaintiff from January 17, 2007, to April 10, 2008, when she was allowed to withdraw as counsel. Dana C. Bradford was then appointed to represent the plaintiff.

Both attorneys have submitted detailed time sheets and affidavits in support of the motion. *See* Filing Nos. 147, Index of Evidence, and Filing No. 148, Exhibits 1 & 2. The fee award sought for attorney Bradford represents 43.3 hours of work by Bradford at the rate of $200.00 per hour, 6.1 hours of work by attorney Justin D. Eichmann at the rate of $175.00 per hour, and 44 hours of work by clerk/paralegal Jonathan Bradford at the rate of $30.00 per hour. The fee sought for attorney Asaka represents 101.5 hours of work at the rate of $200.00 per hour. Plaintiff submits affidavits of counsel to show that an hourly rate of $200.00 per hour is reasonable in cases of this complexity. Attorney Bradford also seeks reimbursement for travel in the amount of $143.42 and for photocopies in the amount of $82.00. Ms. Asaka seeks compensation for travel in the amount of $363.62 and for copies in the amount of $55.00.

Defendants object to an award of fees. They contend that the plaintiff is not a prevailing party so as to be entitled to fees and further contend that, if awarded, the award should be limited to 150 percent of the monetary judgment under 42 U.S.C. § 1997e(d)(2).

**II. LEGAL STANDARDS**

The "prevailing party" in a § 1983 action is generally entitled to "a reasonable attorney's fee." See 42 U.S.C. § 1988(b) (2007); Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); Cody v. Hillard, 304 F.3d 767, 772 (8th Cir. 2002). The touchstone of the prevailing party inquiry "is 'the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" Sole v. Wyner, — U.S. —, —, 127 S. Ct. 2188, 2194 (June 4, 2007) (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-793 (1989)); see also Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598, 605 (2001) (stating that a "prevailing party" is one who secures a "judicially sanctioned change in the legal relationship of the parties."); Farrar v. Hobby, 506 U.S. 103, 111-112 (1992) (stating that a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff").

Recovery of attorney fees is limited by the degree of a plaintiff's success in the case as a whole. Jenkins ex rel. Jenkins v. Missouri, 127 F.3d 709, 718 (8th Cir. 1997). The Eighth Circuit has noted "the degree of [a plaintiff's] success is 'the most critical factor' in determining a reasonable fee award." Warnock v. Archer, 397 F.3d 1024, 1026 (8th Cir. 2005). There is "no precise rule or formula" for making fee determinations in cases with only partial success. Hensley, 461 U.S. at 436. Where "the court cannot separate out

which hours were billed for which issues, [it] 'may simply reduce the award to account for the [plaintiff's] limited success.'" *Warnock*, 397 F.3d at 1026 (*quoting Hensley*, 461 U.S. at 436-37). Where the plaintiff prevails on some, but not all of the claims he asserts, the court may consider the significance of the issues on which the plaintiff prevailed and whether a public purpose was served or relief obtained that applied to others besides the plaintiff. *See, e.g., Murray v. City of Onawa, Iowa*, 323 F.3d 616, 619 (8th Cir. 2003) (approving award of fees in a case that involved nominal damages only).

Because the plaintiff is a prisoner, his civil rights suit is also subject to the Prison Litigation Reform Act of 1996 ("PLRA"), which imposes special limitations on fee awards. 42 U.S.C. § 1997e(d)(1). To recover fees, the prisoner must be a prevailing party under 42 U.S.C. § 1988 and the fees must be directly and reasonably incurred in proving an actual violation of the prisoner's rights, must be proportionately related to the court-ordered relief for the violation and the hourly rate of the fee recovery must be no more than 150 percent of the Criminal Justice Act rates for court-appointed counsel. See 42 U.S.C. §§ 1997e(d)(1)(A) & (B) & (d)(3). *See also Martin v. Hadix*, 527 U.S. 343, 353, 360 (1999) (affirming a fee award under the PLRA for postjudgment monitoring, but reducing the award in accordance with PLRA's hourly rate cap).

The PLRA further provides that whenever a monetary judgment is awarded in such a case, up to 25 percent of the monetary award can be applied to satisfy attorney fees and "[i]f the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant." 42 U.S.C. § 1997e(d)(2). In the Eighth Circuit, that provision has been interpreted to limit an attorney fees award to 150 percent of the money judgment. *Royal v. Kautzky*, 375 F.3d 720, 725 (8th Cir. 2004). A nominal damage award

is a "monetary award" within the purview of section 1997e(d)(2). *Foulk v. Charrier*, 262 F.3d 687, 703 (8th Cir. 2001). Those circuits that have held that the restrictions of 42 U.S.C. § 1997e(d)(2) apply to nominal damages have uniformly recognized that the restrictions are not applicable if the plaintiff secures non-monetary relief in addition to nominal damages. *Id.* at 703 n.17; *Pearson v. Welborn*, 471 F.3d 732, 744 n.4 (7th Cir. 2006); *Dannenberg v. Valadez*, 338 F.3d 1070, 1075 (9th Cir. 2003) ("[F]ees incurred to obtain injunctive relief, whether or not monetary relief was also obtained as a result of those fees, are not limited" by § 1997e(d)(2); *Walker v. Bain*, 257 F.3d 660, 667 n.2 (6th Cir. 2001) ("[I]f non-monetary relief is obtained, either with or without money damages, § 1997e(d)(2) would not apply."); *Boivin v. Black*, 225 F.3d 36, 41 n.4 (1st Cir. 2000) ("In a case in which the court orders non-monetary redress (say, an injunction) along with a monetary judgment, the fee cap . . . would not restrict the total amount of attorney's fees that the court could award.").

The starting point in determining the amount of attorney fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). District courts may rely on their own experience and knowledge of prevailing market rates. *Hanig*, 415 F.3d at 825. In determining a reasonable attorney fee, the district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1984), though it need not exhaustively address every factor. *Emery*, 272 F.3d at 1048.

5

In addition to attorney fees, expenses and costs necessarily incurred in the prosecution of a case may be recovered from defendants as part of the attorney fee award to the extent the expenses constitute out-of-pocket expenses normally incurred by attorneys and charged to fee-paying clients. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395-96 (8th Cir. 2003) (holding that travel expenses are recoverable as fees ). Also, paralegal fees are recoverable as attorney fees at their prevailing market rates. *Richlin Sec. Service Co. v. Chertoff*, — U.S. —, —,128 S. Ct. 2007, 2019 (June 2, 2008).

### III. DISCUSSION

The court first finds that the plaintiff is a prevailing party entitled to an award of fees. The court rejects the defendants' argument that in its order on defendants motion for summary judgment, this court rejected the defendants' contention that plaintiff's claims were moot because the challenged regulation was substantially amended. Filing No. 108, Memorandum and Order at 12 (noting that the application and interpretation of the postamendment regulation remained at issue). Plaintiff presented evidence that he continued to be subjected to unconstitutional restrictions on his protected right to send and receive mail under the amended regulations. Defendants vigorously contested this action and challenged the plaintiff's position at all stages of the litigation.

The court's finding of liability against defendants Hopkins and Bakewell is a "judicially sanctioned material alteration of the legal relationship of the parties" that justify attorney fees. The relief ordered by the court is a declaration that the defendants' interpretation and application of its policies was unconstitutional and operates to prospectively regulate the defendants' interpretation of their mailing policies. The court's order grants the plaintiff the declaratory and injunctive relief he sought.

The court also finds that the plaintiff "directly and reasonably incurred the fees in proving an actual violation" of his first Amendment rights and the "amount of the fee is proportionately related to the court ordered relief for the violation." 42 U.S.C. § 1997e(d)(1)(A) & (B)(i).

The court has reviewed the time sheets of counsel and finds the hours and labor expended on the case were reasonable. In consideration of the *Johnson* factors, the court finds that the attorneys' rates are reasonable and are in line with the prevailing rates in this community for similar services by lawyers of reasonably comparable skill, experience, and reputation. The court further finds that the plaintiff obtained a significant result—the vindication of a significant and important First Amendment right. A clear public policy has been served by the case. The case involved considerable discovery and trial preparation. The time spent on the litigation is commensurate to the difficulty of the case. Also, the participation of two attorneys was appropriate under the circumstances and there does not appear to be any duplication of effort by the attorneys.

The plaintiff achieved significant legal and equitable relief in this action. The action involved the same claims and essentially the same evidence against all of the defendants. Because the same evidence would have been adduced against the defendants in any event, the fact that the plaintiff did not recover from all of the defendants did not add unnecessary expense to the litigation. The testimony of other defendants helped to establish the liability of defendants Bakewell and Hopkins and the claims against all defendants involved a common core of facts. An attempt to separate the time devoted to each claim would be a useless endeavor. The success that plaintiff achieved in this case cannot be characterized as a "limited" recovery, in spite of the dismissal of the other

defendants. In view of the degree of the plaintiff's success, the court finds it is not appropriate to reduce the plaintiff's fee award for the degree of success achieved.

Plaintiff's counsel seeks attorney fees at the rates of $200.00 per hour. Under the PLRA, the attorneys' hourly rates are limited to 150 percent of the hourly rate established for court-appointed counsel under the Criminal Justice Act, which currently is $100.00 per hour in this district. 42 U.S.C. § 1997e(d)(3); *see* Guide to Judiciary Policies and Procedures, Vol. VII, § 2.22(A)(1). Consequently, plaintiff's counsels' rates may not exceed $150.00 per hour. Application of the hourly rate cap will reduce attorney Bradford's fee to $8,730.00, representing 49.4 hours of attorney work at $150.00 per hour and 44 hours of paralegal work at $30.00 per hour, and attorney Asaka's fee to $15,225.00, for 101.5 hours at $150.00 per hour.

IT IS ORDERED that:

1. Plaintiff's motions for attorney fees (Filing Nos. 145 and 148) are granted;

2. Plaintiff is awarded attorney fees in the amount of $8,730.00 for attorney Dana C. Bradford and in the amount of $15,225.00 for attorney Kellie P. Asaka;

3. Plaintiff is awarded expenses in the amount of $225.42 for attorney Dana C. Bradford and in the amount of $418.32 for attorney Kellie P. Asaka;

4. A judgment in conformity with this Memorandum and Order will issue this date.

DATED this 15th day of December, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge